IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID BISHOP,<br>DONALD FOWLER,<br>JOSEPH LEONE, and<br>KENDRA JACKSON,<br><br>　　　　Defendants.<br>_____/ | Cr. S-07 MJ 0313 KJM<br><br><br><br><br><br><br><br>ORDER (REDACTED) |

　　　　The defendants identified above were placed on this court's duty calendar held at 2:00 p.m. on Thursday, October 11, 2007 for their initial appearance based on a criminal complaint issuing from the District of Hawaii. Sean Flynn, Assistant United States Attorney, was present for the government; Federal Defender Daniel Broderick appeared and was appointed to represent David Bishop; Jay Greiner appeared and was appointed to represent Donald Fowler; Emmet Mahle appeared as retained counsel with his client Joseph Leone; and Gilbert Roque appeared and was appointed to represent Kendra Jackson.

　　　　During the hearing, Mr. Broderick moved for a court order directing the Assistant U.S. Attorney and the arresting Deputy Marshals to file affidavits detailing the times and

1

1  circumstances of his client's arrest and booking. All other defense counsel joined in the motion,
2  which the court took under submission and now resolves.
3        The court was first notified during the morning of October 11, 2007 that the
4  defendants would make their initial appearance that afternoon on the court's regular duty
5  calendar.[1]

[redacted]

11       Rule 5 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise.

Fed. R. Crim. P. 5(a)(1)(A). If the district of arrest is other than the district in which the charged offense allegedly was committed, the initial appearance must be in the district of arrest or the district adjacent to the district of arrest, wherever will allow the initial appearance to occur more promptly. Fed. R. Crim. P. 5(c)(2). This provision of Rule 5 originally was adopted to provide a uniform standard applicable to the time within which a defendant must be brought before a magistrate judge. Rule 5, Advisory Committee Note to subdivision (a)(1) (1944 Adoption).

      Rule 5(a) "contemplate[s] a procedure that allows arresting officers little more leeway than the interval between arrest and the ordinary administrative steps required to bring a suspect before the nearest available magistrate [judge]." Mallory v. United States, 354 U.S. 449,

---

[1] The court holds a regular duty calendar at 2:00 p.m. every Monday through Friday except on federal holidays. The undersigned also is available to preside over arraignments upon request at other times during the months she is on criminal duty.

453 (1957). "The arrested person may, of course, be 'booked' by the police. But he is not to be taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements to support the arrest and ultimately his guilt." Id. at 454. At the same time, the requirement of arraignment "without unnecessary delay" "does not call for mechanical or automatic obedience." Id. at 455. A "brief" delay may be justified where "the story volunteered by the accused is susceptible of quick verification through third parties," but must not "give opportunity for the extraction of a confession." Id.; see also Williams v. United States, 273 F.2d 781, 797-98 (9th Cir. 1960) ("arresting officers do not have to make a bee line" to the magistrate judge; "[r]easonable delay incident to the 'booking procedure' of one in custody appears to be permissible" but "no hard and fast rule" defines what constitutes "unnecessary delay"); Ginoza v. United States, 279 F.2d 616, 620-21 (9th Cir. 1960) (same).

Consistent with the lack of a hard and fast rule demarcating what time period constitutes unnecessary delay, courts' determination of delay depends on a close examination of the facts of a particular case. Even relatively short periods of time can be deemed unacceptable if there is no indication of a legitimate purpose for delay. Ginoza, 279 F.2d at 620-21, 622 (while search after arrest "doubtless permissible," 30 to 45 minute delay thereafter, when arraigning magistrate judge was readily available, rendered statements and admissions obtained prior to seeking arraignment inadmissible); cf. Evalt v. United States, 359 F.2d 534, 544 (9th Cir. 1966) (time lapse of at most two hours, where location of arraigning judge or his chambers unclear from record, not unnecessary delay); Hitchcock v. United States, 580 F.2d 964, 966 (9th Cir. 1978) (arraignment on day of execution of writ ad prosequendum "obviously" satisfied Rule 5(a)); United States v. Aman, 624 F.2d 911, 913 (9th Cir. 1980) (where lapse was "essential" for defendant to be "kept where medical personnel and facilities were immediately available in the event" of rupture of narcotics container lodged in rectal cavity, there was no unnecessary delay).

At the same time, law enforcement officers are presumed to have carried out their duties properly. Evalt, 359 F.2d at 544. The defense has cited no authority for the proposition

1  that this court should enforce Rule 5's requirements by directing the prosecutor and the arresting
2  officers to supplement the record with sworn affidavits.  The court declines the invitation to do
3  so.  The court will, however, direct that the Arrest Reports the court has reviewed be filed so the
4  information they contain is made a matter of record.  To the extent any defendant wishes to seek
5  exclusion or omission of any statements obtained from defendants between the time of their
6  arrest and arraignment, he or she of course may make an appropriate motion to the presiding
7  district judge.  See, e.g., Williams, 273 F.2d at 798.
8         Finally, given the unavailability of the undersigned at 2:00 p.m. on October 18,
9  the continued proceedings in this case currently set for that time will be moved to 11:00 a.m. that
10 day.
11        IT IS HEREBY ORDERED:
12        1. Defendants' motion is denied.
13        2. The Clerk of the Court is directed to file copies of the Arrest Reports for David
14 Kalani Bishop, Donald Ray Fowler, Joseph J. Leone and Kendra Claudette Jackson.
15        3. The further proceedings in this case currently set for October 18 at 2:00 p.m.
16 are moved to October 18 at 11:00 a.m.
17 DATED: October 12, 2007.

_____
U.S. MAGISTRATE JUDGE

bishop.rule5order